Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JAVIER J. ACEVEDO RODRÍGUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202400117 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Núm. de Solicitud: PA-04-24<br><br>Sobre: Bonificación de Buena Conducta |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 13 de marzo de 2024.

Comparece el señor Javier J. Acevedo Rodríguez (señor Acevedo Rodríguez o recurrente) vía revisión administrativa para solicitar la revocación de la *Respuesta al Miembro de la Población Correccional* del Departamento de Corrección y Rehabilitación (DCR o recurrido), emitida el 6 de febrero de 2024. Acogida la *Solicitud para que se Exima de Pago de Arancel por Razón de Pobreza*, adelantamos la desestimación del recurso por falta de jurisdicción, al tratarse de uno prematuro.

Vale recordar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En

función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

De otra parte, la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley de Procedimientos Administrativos Uniforme, Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo

de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

En esa dirección, la Sección 3.14 de la LPAU preceptúa los componentes distintivos de un dictamen final, cual debe incluir: (1) determinaciones de hechos, (2) conclusiones de derecho, y (3) una advertencia sobre el derecho a solicitar reconsideración o revisión judicial. Sec. 3.14, Ley Núm. 38-2017, *supra*. Véase, también, *Crespo Claudio v. OEG*, 173 DPR 804 (2008). En armonía con tales criterios, el Tribunal Supremo de Puerto Rico reitera que en el ámbito administrativo una orden o resolución es final siempre y cuando la misma ponga fin al caso ante la agencia y tenga efectos sustanciales sobre las partes. Íd. (citando a *Comisionado Seguros v. Universal*, 167 DPR 21 (2006); *ARPE v. Coordinadora Unitaria de Trabajadores*, 165 DPR 850 (2005)).

A la luz de lo anterior, el Reglamento Núm. 8583 del DCR dispone que un Evaluador estará a cargo de recopilar, recibir, evaluar y contestar las solicitudes de remedio administrativo de los miembros de la población correccional, conforme a la respuesta emitida por el superintendente de la institución correccional. Regla IV(11) del Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 de 4 de mayo de 2015. Si el confinado resulta inconforme con la respuesta del Evaluador, le corresponde solicitar reconsideración

dentro del término de veinte (20) días contados a partir del recibo de la notificación de la referida respuesta. Íd., Regla XIV(1). En tal caso, el Coordinador de la División de Remedios Administrativos emitirá una Resolución de Reconsideración, cual deberá contener un (1) breve resumen de los hechos que motivaron la solicitud, (2) el derecho aplicable, y (3) la disposición o solución a la controversia planteada. Íd., Regla IV(6) y (21).

De conformidad con los hechos del presente caso, el recurrente no agotó los remedios administrativos. Según el expediente, el señor Acevedo Rodríguez acudió ante este Tribunal luego de haber recibido respuesta del Evaluador del DCR, sin posteriormente haber solicitado una reconsideración a la cual contestaría el Coordinador. Por tanto, resulta evidente que nos encontramos ante un recurso prematuro, frente al cual carecemos de jurisdicción.

Por los fundamentos expuestos y discutidos, desestimamos el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones